UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,       )
                                        )
     Plaintiff,                 )         No. 6:24-CR-66-REW-HAI
                                         )
v.                                )
                                       )       RECOMMENDED DISPOSITION[1]
JIMMY BARRETT,              )
                                       )
     Defendant.              )

*** *** *** ***

On April 9, 2025, counsel for Defendant Jimmy Barrett filed a notice of intent to assert an insanity defense and a motion for a pretrial competency evaluation. D.E. 39; D.E. 41. According to the competency evaluation motion, Defendant has "a history of severe health problems" and "reported experiencing signs of potential mental illness," including symptoms of confusion, severe anxiety, and auditory hallucinations. D.E. 41.

On April 16, 2025, the Court held a hearing on the competency motion. D.E. 48. During the hearing, the government made an oral motion for an evaluation pursuant to 18 U.S.C. § 4242. *Id.* The Court granted both motions, ordered the evaluations to occur in a custodial setting, and Defendant was remanded to the custody of the United States Marsal. *Id.* Defendant was ordered to undergo a competency and sanity evaluation at the Federal Detention Center in Houston, Texas. D.E. 52. District Judge Wier continued the trial generally pending the resolution of the competency issue. D.E. 59.

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

On June 17, 2025, the Court and parties received the resulting "Forensic Evaluation" (the "Report") from forensic psychologist Matthew R. Opesso, along with a sanity Addendum. D.E. 62. In the Report, Dr. Opesso opined that Defendant is competent for trial purposes. *Id.* at 10. After receipt of the Report and Defendant's return to the District, the Court conducted a final hearing on competency on July 7, 2025. D.E. 67. During the final competency hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Opesso's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18

proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The defense stipulated as to both the admissibility and substance of the Report.  D.E. 67. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Opesso.  The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards.  D.E. 62.  The author analyzed Defendant's history, course of evaluation, and testing performance.  Dr. Opesso directly observed Defendant via interviews and subjected him to the Personality Assessment Inventory.  *Id.* at 6-7. Dr. Opesso reviewed Defendant's BOP medical and psychological records.  He reviewed phone calls and emails Defendant made at the medical center and spoke to defense counsel.  *Id.* at 2-3, 6.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition.  According to the Report, Defendant explained that he has a history of intense methamphetamine use, having consumed nearly a quarter of an ounce per day in the year prior to the instant offense.  *Id.* at 5.  Defendant reported multiple attempted suicides and periods of hospitalization for mental health symptoms.  *Id.* at 5-6.  In 2017, the BOP diagnosed Defendant with Unspecified Bipolar and Related Disorder, but the diagnosis was resolved prior to the instant proceedings.  *Id.*

The Report indicates Defendant was "alert and oriented to person, place, time, and situation" while under observation.  *Id.* at 6.  Defendant was "cooperative and respectful" during

---

U.S.C. § 4241).  However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

interviews and his "[t]houghts were organized, coherent, and logical." *Id.*   Phone and email records between Defendant and his romantic partner during his time at FDC Houston "did not reveal any disorganized thought process, distraction due to hallucinations, incoherent speech, or symptoms of mental illness." *Id.*

The Report diagnoses Defendant under the DSM-5 with severe Stimulant Use Disorder and Antisocial Personality Disorder. *Id.* at 8-9.  The Report concluded that these diagnoses did not interfere with Defendant's ability to adequately participate in and assist with his defense. *Id.* at 9.

The evaluator also found that Defendant had an adequate understanding of the court proceedings and an adequate ability to assist defense counsel.  The Report reflects that Defendant identified and provided basic descriptions of the roles and functions courtroom participants, plea options, and appropriate courtroom behavior. *Id.* at 7-8.  Defendant was "able to name his charges and discuss their meaning," and "appeared able to weigh the risks and benefits of accepting a plea agreement or proceeding to trial based on the strength of incriminating evidence or lack thereof." *Id.* at 8-9.

In conclusion, the evaluator found that Defendant "does not display any symptoms of a mental disease or defect that would render him unable to understand the nature and consequences of the proceedings against him or to assist in his defense." *Id.* at 10.  Accordingly, the Report indicates that Defendant is competent to proceed.

At the final hearing, defense counsel said that Defendant, since returning to the District, has acted consistently with the results of the Report and appears to have a better sense of mental clarity.  Defense counsel explained that, while Defendant may not completely understand the

medical terminology and evaluative processes outlined in the Report, he understands the Report's results and Dr. Opesso's findings. *See* D.E. 67.

Dr. Opesso accurately applied the Dusky standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. Dr. Opesso elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. D.E. 62 at 9. As such, the Report fully supports a finding that both prongs of the Dusky competency test appear to be met in this case, and its conclusions are unrebutted.

For the foregoing reasons, the Court finds by a preponderance of the evidence that Defendant is competent to proceed. That finding, of course, necessarily precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **THREE DAYS** of the entry of this recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be submitted to Judge Wier for his consideration and to address the procedural posture.

This the 8th day of July, 2025.



Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

5