UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:24-CR-66-REW-HAI-1 |
| v. ) | |
| ) | ORDER |
| JIMMY BARRETT, ) | |
| ) | |
| Defendant. ) | |

*** *** *** ***

The Court considers the Recommended Disposition (DE 68) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Jimmy Barrett is competent to stand trial under 18 U.S.C. § 4241. *See* DE 41 (Defendant's Motion); DE 67 (Minute Entry for Competency Hearing). Barrett stands indicted for aggravated meth trafficking and felon in possession offenses. *See* DE 1. On April 9, 2025, Barrett moved for an examination of his trial competency. *See* DE 41; *see also* Fed. R. Crim. P. 12.2(c). Judge Ingram granted that motion, DE 49 (Order), and Dr. Matthew R. Opesso, Psy.D., a Forensic Psychologist, conducted a custodial evaluation, DE 62 (Sealed Psychiatric Report). Dr. Opesso concluded that Barrett is competent to stand trial. *See* DE 62 at 14. That is the only subject matter at issue in this Order.

With Dr. Opesso's report available to the parties, Judge Ingram conducted a competency hearing. *See* DE 67 (Minute Entry). The parties stipulated to the admissibility of Dr. Opesso's report and his qualifications, along with his conclusions. *See* DE 67 at 1. Upon completing that hearing, Judge Ingram recommended that the Court find Barrett competent to proceed, based on Dr. Opesso's psychiatric evaluation. *Id.*; *see also* DE 68. The recommendation, filed on July 8, 2025, advised the parties that any objections must be filed within three (3) days of its entry, as

1

discussed at the competency hearing. *Id*. at 5. The objection period has lapsed, and neither party has objected. Judge Ingram, with typical rigor, correctly stated the standard and questions presented, and he followed the proper procedures under § 4241(a).

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. *See* 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Crim. P. 59(b)(2); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Opesso's unopposed report. *See* DE 68 at 2–5. That detailed report applied the *Dusky* and statutory standards faithfully, finding that Barrett has no current "mental disease or defect" implicating competency and is able to "understand the nature and consequences of the proceedings against him" and to "assist in his defense." *See* DE 62 at 10. To reach his conclusion, Dr. Opesso reviewed all available documentation in this case, conducted clinical interviews and mental status examinations, observed Barrett's behavior, interactions, and communications at FDC Houston, and used the Personality Assessment Inventory (PAI) Test. *See id.* at 1. His expert analysis stands alone in the record.

Ultimately, Dr. Opesso determined that Barrett suffers from Stimulant Use Disorder and Antisocial Personality Disorder. *See id.* at 8–9. The conditions, in Dr. Opesso's view, did not interfere with Barrett's capacity to understand the consequences of the proceedings or participate in his defense. *See id.* at 9.

In sum, to quote Judge Ingram, "Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense." *See* DE 68 at 5. The defense stipulated to the report and its findings, as well as the author's qualifications. *See id*. at 2. The parties waived introduction of other proof and argument, and they waived the right to examine or cross-examine the evaluator. *See id.* at 5. The lone supported conclusion under the statute, on this fixed record, is competency.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 68) and **FINDS** Barrett competent to face further proceedings in this matter, including trial. The parties **SHALL FILE** a joint report by **July 28, 2025**, indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date.

This the 18th day of July, 2025.

Signed By:
*Robert E. Wier*
United States District Judge